# Campbell v. SafeCo Insurance Company of Illinois

C.P. of Monroe County, No 5249 CIVIL 2011

*Kevin M. Conaboy*, for plaintiffs.
*Brent A. Green*, for defendant.

WILLIAMSON, *J.*, July 10, 2013—This matter comes before the court on plaintiff's petition to vacate an arbitrator's award that dismissed plaintiff's claims. The matter arises from a motor vehicle accident which occurred on January 8, 2010. Plaintiff husband was struck while walking in a parking lot by an unknown driver. Plaintiffs then instituted a suit for uninsured motorist coverage benefits against their insurer, the defendant, based upon their own insurance policy.

The parties agreed to refer the matter to Gerard Geiger, Esquire for private arbitration, although no formal arbitration agreement was executed by the parties. On March 15, 2012, Defendant filed a motion to dismiss based upon lack of coverage under the insurance policy, which was granted by attorney Geiger. Plaintiffs' petition asks this court to vacate the award because it is contrary to law. Defendant argues that this court cannot vacate an award rendered through common law arbitration under the current circumstances. The parties have submitted briefs, and oral argument was heard on June 28, 2013. We are now ready to dispose of plaintiffs' petition.

## Discussion

The parties agreed to submit this matter to arbitration. Defendant claims that it was binding arbitration. Plaintiff does not deny that it was binding arbitration, but points out that no formal agreement was executed. Arbitration is controlled by the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. §7301 et. seq. Under the facts of this case, it is clear that the parties agreed to common law arbitration. Section 7302(a) states:

(a) General Rule — An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

42. Pa. C.S.A. §7302(a). In their petition, plaintiffs do not aver that the agreement to arbitrate was in writing and expressly provided for arbitration pursuant to the statute. In fact, in both their petition and brief, plaintiffs' contend that there was never a formal agreement. Therefore, we find that the parties agreed to common law arbitration.

Common law arbitration is controlled by section 7341, which states:

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudical arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S.A. §7341. An arbitrator is the final judge of both the law and fact and his award will not be set aside unless there is clear, precise, and convincing evidence that the parties were denied a hearing or that there was fraud, misconduct, corruption, or some other irregularity

which caused the rendering of an unjust, inequitable, or unconscionable award. *Runewicz v. Keystone Insurance Co.*, 383 A.2d 189 (Pa. 1978).

In the present case, there are no allegations that the parties were denied a hearing or that there was fraud, misconduct, corruption, or some other irregularity causing an unjust, inequitable, or unconscionable award. However, the plaintiffs argue that a trial court may vacate an arbitration award that constitutes an error of law or abuse of discretion, and cite *Tannenbaum v. Nationwide Ins. Co.*, 919 A.2d 267 (Pa. Super. 2007) in support of that argument. The rule from *Tannenbaum*, however, only applies to arbitration awards arising from contracts which specifically call for arbitration under the Pennsylvania Arbitration Act. Id. at 269. This arbitration was submitted under common law. Therefore, a trial court may not vacate the award except under the circumstances mentioned above.

In their answer to the petition, the defendant asks this court to enter the award as a judgment. "On application of a party made more than 30 days after an award made by an arbitrator under section 7341 (relating to common law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order." 42 Pa.C.S.A. §7342(b). Accordingly, we issue the following order.

## ORDER

And now, this 10th day of July, 2013, upon consideration of the plaintiffs' petition to vacate the arbitrator's decision, and following oral argument, it is ordered as follows:

1. Plaintiffs' petition is denied.

2. The award of the arbitrator, finding in favor of defendant, Safeco Insurance Company of Illinois and against the plaintiffs, Donald Campbell and Janet Campbell is confirmed and judgment is entered in favor of defendant, Safeco Insurance Company of Illinois, and against plaintiffs, Donald Campbell and Janet Campbell.